O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

JS - 6

Case No.    ED CV 08-01201-SGL(OPx)                          Date:  January 20, 2009

Title:      JAVIER RAMIREZ -*v*- WACHOVIA BANK, N.A., ET AL.
========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

              Jim Holmes                           None Present
              Courtroom Deputy Clerk               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

None present                          None present

PROCEEDINGS:    ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; ORDER
                GRANTING DEFENDANTS' MOTION TO STRIKE; ORDER VACATING
                HEARING DATE

      On October 24, 2008, defendants filed a motion to dismiss all the claims in the complaint,
and a motion to strike certain portions in the complaint. The caption on defendants' motions
showed that the hearing on them was noticed for November 17, 2008.  The Court thereafter re-
scheduled the hearing on both motions to January 26, 2009.

      This district's Local Rules provide that "[e]ach opposing party shall, not later than ten (10)
days after service of the motion in the instance of a new trial motion and not later than fourteen
(14) days before the date designated for the hearing of the motion in all other instances."  <u>See</u>
Local Rule 7-9.  Accordingly, plaintiff had until January 12, 2009, to file an opposition to
defendant's motion to dismiss or motion to strike.  The time for plaintiff to file his opposition has
come and gone without him doing so.

      Plaintiff's failure to file an opposition to defendant's motion to dismiss or motion to strike is
deemed by this Court as plaintiff's consent to the granting of the same.  <u>See</u> Local Rule 7-12 ("The
failure to file any required paper, or the failure to file it within the deadline, may be deemed consent
to the granting or denial of the motion"); <u>see also</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir.
1995) (holding that district court did not err in summarily granting defendants' motion to dismiss
pursuant to a local rule where the pro se plaintiff had time to respond to motion but failed to do so).

MINUTES FORM 90                                          Initials of Deputy Clerk: jh
CIVIL -- GEN                          1

ED CV 08-01201-SGL(OPx)
JAVIER RAMIREZ v WACHOVIA BANK, N.A., ET AL.
MINUTE ORDER of January 20, 2009


Accordingly, defendants' motion to dismiss is **GRANTED** and all the claims in the complaint are hereby **DISMISSED**.  Moreover, defendants' motion to strike is similarly **GRANTED**.

The previously noticed January 26, 2009, hearing on both motions is hereby **VACATED**.

IT IS SO ORDERED.