O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 08-01201-SGL(OPx)                                        Date:  January 28, 2009

Title:    JAVIER RAMIREZ -v- WACHOVIA BANK, N.A., ET AL.
=======================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                                                      None Present
        Courtroom Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                           None present

PROCEEDINGS:    IN CHAMBER (No Proceedings Held)

        ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO SET ASIDE
        JUDGMENT (DOCKET # 32)

      The Court has received and reviewed plaintiff's January 26, 2009, <u>ex parte</u> application to set aside judgment (docket # 32).  In the application, plaintiff's counsel represents that neither he nor his client "had any notice of Defendants' motion to dismiss either by way of electronic means, or by way of receipt of a hard copy of the motion through the mail."  (Pl's Ex Parte App. at 2).  In his declaration submitted in support of his <u>ex parte</u> application, however, plaintiff's counsel re-frames the nature of the defective notice to simply that of receipt of the motion to dismiss itself, not to a deficiency in receiving notice that such a motion had been filed.  (<u>See</u> Decl. Mitra Chegini ¶ 3 ("The notice of dismissal came as a complete surprise to declarant because up to that point, <u>declarant had received neither a hard copy of defendants' motion to dismiss, nor an electronic version of the same pleading</u>"; "declarant went through all her e-mail messages dating back to October of 2008 . . . and was unable to locate an e-mail transmission <u>bearing Defendants' motion to dismiss</u>" (emphasis)).  This shift between the argument presented in the <u>ex parte</u> application and the declaration in support is important not only because the evidentiary gap undercuts the assertion that plaintiff never received <u>notice</u> (as opposed to receipt of the physical copy of the motion) that such a motion had been filed and was scheduled for hearing on January 26, 2009, but because the evidence on the Court's docket establishes that, in fact, plaintiff's counsel was given such notice by the Court.

MINUTES FORM 90                                                                       Initials of Deputy Clerk __jh_____
CIVIL -- GEN                                                1

The Court's docket reflects that on October 24, 2008, defendants filed both a motion to dismiss (docket # 24) and a motion to strike (docket # 25).  The caption on both motions indicated a hearing date of November 17, 2008.   More importantly, the notice of electronic filing for both motions indicated that said motions had been electronically mailed to plaintiff's counsel "Mitra Chegini    mitracesq@aol.com."  Said electronic mail address corresponds exactly to what plaintiff's counsel has provided to this Court as being his email address for purposes of receiving notice (indeed, said email address is listed on plaintiff's notice of electronic filing for the present <u>ex parte</u> application).  The motion to dismiss also contained a representation from defense counsel that he met and conferred in person with plaintiff's counsel about the motion to dismiss seven days before it was filed.

Because the noticed hearing date in both motions was not available, the clerk's office on October 27, 2008, issued a Notice of Filer Deficiencies regarding both motions (docket # 26).  The Notice of Filer Deficiencies noted that the next available date to hear the motions (which were specifically referred to in the Notice by their title and corresponding docket numbers) was January 26, 2009, and noted that the Court may strike the documents or take other action as the Court deems appropriate.  Said Notice of Filer Deficiencies was lilkewise electronically mailed to plaintiff's counsel's e-mail address that he has been using throughout these proceedings, namely "Mitra Chegini    mitracesq@aol.com."

Then, on October 27, 2008, the Court issued an Order in response to the Notice of Filer Deficiencies, in which it accepted as filed defendant's motion to dismiss and motion to strike, and then rescheduled the hearing date for both motions to January 26, 2009, at 10:00 a.m.  Again, the motions in question were described in the Court's Order both by their title and by their corresponding docket number.  Also, as before, electronic notice of the Court's Order was provided to plaintiff's counsel by being electronically mailed to plaintiff's counsel's email address "mitracesq@aol.com".

From the Court's review of its docket, plaintiff's assertion in the <u>ex parte</u> application (as opposed to the supporting declaration of his counsel) that neither he nor his counsel had ever received "notice" of defendant's motion to dismiss or motion to strike is belied by the record: Defense counsel has represented that plaintiff's counsel engaged in a meet and confer concerning said motions <u>before</u> they were filed (a proposition nowhere addressed, much less, rebutted by plaintiff's counsel's supporting declaration); said motions to dismiss and strike were then electronically mailed to plaintiff's counsel's e-mail address; and the Court, on two separate occasions, sent to plaintiff's counsel's e-mail address Orders concerning said motions that identified them both by title and docket number.  Indeed, the Court electronically mailed to plaintiff's counsel's e-mail address an Order informing him when defendant's motions were being rescheduled for hearing.

Plaintiff's counsel's shift in his declaration to feigning lack of receipt of the motions themselves rather than notice of them only underscores the evidentiary gap underlying the contrary claim in the <u>ex parte</u> application itself.  Moreover, the focus on the physical receipt of the motions is equally unavailing because, once plaintiff's counsel was put on notice that such motions

ED CV 08-01201-SGL(OPx)
JAVIER RAMIREZ v WACHOVIA BANK, N.A., ET AL.
MINUTE ORDER of January 28, 2009

had indeed been filed, it was incumbent upon him to make an inquiry into seeking receipt of the same (either by going to the case's docket sheet and downloading the motions from the Court's docket, contacting defense counsel, or otherwise).  With the demonstrated providing of notice regarding the motions, plaintiff's counsel's cries of surprise ring hollow.

　　　　Having found that notice of the motions in question was indeed provided to plaintiff's counsel well in advance of the scheduled hearing date, the Court **DENIES** plaintiff's ex parte application to set aside judgment.

　　　　IT IS SO ORDERED.

MINUTES FORM 90                                                                                      Initials of Deputy Clerk __jh_____
CIVIL -- GEN                                                          3